IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNATHAN EUGENE COOPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1947-K-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Johnathan Eugene Cooper, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be dismissed without prejudice for failure to exhaust state remedies.

**Background**

On March 15, 2012, Petitioner was found guilty of sexual assault of a child and sentenced to ten years of imprisonment. Petitioner did not file a direct appeal. Instead, Petitioner filed an application for state post-conviction relief. After the trial judge certified that there were no controverted, previously unresolved issues of fact material to legality of Petitioner's confinement, the application was forwarded to the Texas Court of Criminal Appeals for consideration on the merits. *See* Dkt. No. 8-4 at 96-97. However, Petitioner filed a motion to dismiss his habeas petition so that he could

retain counsel and re-file his state collateral challenge. *See* Dkt. No. 8-1 at 2; Dkt. No. 8-2 at 2. Accordingly, the application was dismissed without written order. *See Ex parte Cooper,* WR-79,314-01 (Tex. Crim. App. May 8, 2013); Dkt. No. 8-4 at 2.

Petitioner, by retained counsel, then filed this application for habeas corpus relief pursuant to 28 U.S.C. § 2254. He claims that he received ineffective assistance of counsel at trial and that the evidence was legally insufficient to support his conviction. *See* Dkt. No. 1. Respondent filed an answer on July 26, 2013, *see* Dkt. No. 9, but Petitioner has not timely submitted a reply, *see* Dkt. No. 6.

## Legal standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 522 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

## Analysis

Because Petitioner's application for state post-conviction relief was dismissed, rather than denied, the state court has not had an opportunity to consider the merits of the claims raised in this federal habeas case. *See Hicks v. Thaler*, No. 3:10-cv-2050-P-BK, 2010 WL 4721354, at *1 (N.D. Tex. Oct. 22, 2010), *rec. adopted*, 2010 WL 4721357 (N.D. Tex. Nov. 18, 2010) (dismissal of state habeas application for non-compliance with procedural rules does not constitute "on the merits" determination); *see also Williams v. Thaler*, No. 3:09-cv-1933-G, 2009 WL 4251118, at *2 (N.D. Tex. Nov. 30, 2009) (citing *Bautista,* 793 F.2d at 110) (same).

Petitioner appears to acknowledge that his petition was dismissed by the Court of Criminal Appeals. *See* Dkt. No. 1 at 4. However, he urges that the dismissal "constituted an adjudication of petitioner's state habeas corpus claims on the merits." *See id.* at 21. In Texas, a "denial" signifies an adjudication on the merits, while a "dismissal" means that the claim was declined on grounds other than its merits. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Because Petitioner's claims were not considered "on the merits," he has failed to exhaust state remedies. *See, e.g.*, *McGee v. Estelle,* 704 F.2d 764, 768-69 (5th Cir. 1983).

Accordingly, Petitioner's Section 2254 petition should be dismissed without prejudice.

## Recommendation

Petitioner's 28 U.S.C. § 2254 petition should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE